UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COURT FILE NO: CV-

| | |
|---|---|
| MICHAEL T. KOZAK<br>    Plaintiff<br>v.<br><br>DCN HOLDINGS, INC.<br>    d/b/a ACCOUNTS RECEIVABLE, INC.<br>    And<br>KARLA L. BROWN a/k/a KARLA FICKA<br>    Defendants | COMPLAINT<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### I. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa.C.S. 2270.1 *et seq* (hereinafter "FCEUA") and Pennsylvania Unfair Trade Consumer Protection Law, 72 Pa.C.S 201-1, *et seq* (hereinafter "UTCPL"), which prohibit debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

2. Venue is proper in this District because Defendants transact business within this District, the acts and transactions occurred in this District, and Plaintiff resides in this District.

### II. PARTIES

3. Plaintiff MICHAEL T. KOZAK ("Plaintiff") is a natural person residing at 3647 Windsor Drive, Bensalem, Pennsylvania 19020. Because Plaintiff is allegedly obligated to pay a debt that is the subject of this case that was primarily used for family, personal or household purposes, namely, a medical bill, he is a consumer within the meaning of FDCPA, 15 U.S.C. § 1692a(3) and FCEUA, 73 P.S. § 2270.3.

4. Defendant, DCN HOLDINGS, INC. ("DCN") is upon information and belief, a Florida corporation located at 5517 Hansel Avenue, Orlando, Florida 32809, and is, upon information and belief, d/b/a ACCOUNTS RECEIVABLE ("AR"), and, at all times relevant herein, DCN acted as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3. and acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen.

5. Defendant KARLA L. BROWN a/k/a/ KARLA FICKA ("Brown") is upon information and belief, President of DCN and does business as AR and is located at 5517 Hansel Avenue, Orlando, Florida 32809, and, at all times relevant herein, hereto (a) created the collection policies and procedures used by DCN and AR and its employees and/or agents in connection with their efforts to collect debts, (b) managed the daily collection operations of DCN and AR, (c) oversaw the application of the collection policies and procedures used by DCN and AR and its employees and/or agents, (d) drafted, approved or ratified the form collection letters sent by DCN and AR to consumers, (e) ratified the unlawful debt collection policies and procedures used by DCN and AR and its employees and/or agents, and (f) had knowledge of, approved,

participated in, and ratified the unlawful practices used by DCN and AR and its employees and/or agents to collect an alleged debt from Mr. Kozak.

7. During all times pertinent hereto, Defendant Brown directly or indirectly participated in the unlawful debt collection practices to collect an alleged debt from Mr. Kozak.

8. Defendants, at all times relevant hereto, are persons who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

### III. FACTUAL ALLEGATIONS

9. Plaintiff originally owed money for dental services rendered to him by McDowell Dental Group.

10. Defendants, upon information and belief, were hired by McDowell Dental Group to collect on the aforementioned debt.

11. Defendants are hired to collect consumer debts through the use of the telephone, mail or email on behalf of, *inter alia*, medical clients "such as family practice clinics, dentists, chiropractors, hospitals, and optometrists." www.AccountsReceivable.com.

12. Defendants advertise that Accounts Receivable is a "nationwide collection agency" with "more than 60 years experience within the debt recovery industry." www.AccountsReceivable.com.

13. Defendants, by and through their authorized representatives, left the following messages on Plaintiff's cellular voice mail on or about the dates stated:

July 22, 2013 – Cellular Phone

"This message is for Michael Kozak. This is Mike Murphy calling from the offices of Accounts Receivable. It is absolutely imperative that you contact me immediately regarding a serious issue involving yourself. As soon as you receive this message, contact me at 877-832-2482. When calling in you need to reference file number 18168783."

August 12, 2013 – Cellular Phone

"Hello, this message is for Michael Kozak. This is Don Evans calling from the offices of Accounts Receivable. It is imperative that you contact me immediately regarding a serious issue involving yourself. As soon as you receive this message, contact me at 877-832-2482. When calling in reference your case number 18168783."

September 03, 2013 – Cellular Phone

"This message is for Michael Kozak. This is Seth Davis calling Michael (unintelligible word) with from the offices of Accounts Receivable. It is imperative that you contact me immediately regarding a serious issue involving yourself. As soon as you receive this message, contact me at 877-832-2482. When calling in reference your case number 18168783."

14. The aforesaid actions of the Defendants are material, deceptive, false and misleading under the FDCPA in that Defendants failed to identify themselves as a debt collector attempting to collect a debt, gave Plaintiff a false sense of urgency, conducted

themselves in a manner that was false, misleading and deceptive and failed to give Defendant the "mini-Miranda" warning.

15. Defendants knew or should have known that their actions, as aforestated, violated the FDCPA and relevant state statutes and Defendants could have taken the appropriate actions to comply with the applicable law but failed and neglected to do same and failed to adequately review their actions to insure compliance with said law.

16. At all times relevant hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, negligent and in wanton disregard for state and federal law and the rights of the Plaintiff herein.

## IV. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. section 1692, et seq.

17. Plaintiff incorporates his allegations of paragraphs 1 through 16 as though set forth at length herein.

18. Defendants' actions as aforestated are false, deceptive, material and misleading to Plaintiff as follows:

(a) Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person by giving Plaintiff a false sense of urgency.

(b) Defendants violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representation or means in connection with the debt collection by giving Plaintiff a false sense of urgency to return the phone calls.

(c) Defendants violated 15 U.S.C. § 1692e(5) by creating a false sense of urgency.

(d) Defendants violated 15 U.S.C. § 1692e(10) using deceptive means to collect a debt by by giving Plaintiff a false sense of urgency.

(e) Defendants violated 15 U.S.C. § 1692e(11) by communicating with Plaintiff by leaving messages that did not contain the "Mini-Miranda" warnings.

(f) Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to attempt to collect Plaintiff's alleged debt.

(g) Defendants violated 15 U.S.C. § 1692g by failing to send a written notice to Plaintiff.

19. As a direct and proximate result of the Defendants' illegal collection efforts, Plaintiff has suffered damages in the form of attorneys' fees, costs and expenses.

20. As a direct and proximate result of Defendants' illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

21. Plaintiff has been seriously damaged by Defendants' violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys' fees.

22. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorneys' fees and costs in accordance with 15 U.S.C. § 1692k.

## CLAIMS FOR RELIEF

23. Plaintiff incorporates his allegations of paragraphs 1 through 22 though set forth at length herein.

24. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

25. As a result of each of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Michael T. Kozak, prays that judgment be entered against Defendants for the following:

(1) Actual damages;

(2) Statutory damages in the amount of $1,000.00;

(3) Reasonable attorneys' fees and costs;

(4) Declaratory judgment that the Defendants' conduct violated the FDCPA;

(5) Such other and further relief that the Court deems just and proper.

## II. DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury.

Respectfully submitted,

Mpf8441/s/*Michael P. Forbes*

Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff
Attorney I.D. #55767
200 Eagle Road
Suite 220
Wayne, PA 19087
(610 293-9399

(610)293-9388 (Fax)
michael@mforbeslaw.com
Attorney for Plaintiff, Michael T. Kozak